UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


RANDOLPH AND GLORIA LONG,            )
                                     )
            Plaintiffs,              )
                                     )
v.                                   )      No. 3:04-CV-203
                                     )      (PHILLIPS/SHIRLEY)
MONACO COACH CORPORATION,            )
                                     )
            Defendant.               )


**MEMORANDUM AND OPINION**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 129] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the following motion: Defendant's Objection to Plaintiffs' Amended Expert Witness Disclosure [Doc. 128].

This case[1] involves the sale of a recreational vehicle ("motor home"). The plaintiffs allege they purchased a motor home, manufactured by Monaco Coach, that was defective and failed to conform to warranties issued to Plaintiffs in violation of the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* At this stage in the proceedings, a key issue is the diminished value associated with those alleged defects.

---

[1] *See* Docs. 1-2 for a more in depth review of the alleged facts.

On December 29, 2006, Plaintiffs filed an Amended Expert Witness Disclosure [Doc. 127]. The amended document included a revised evaluation report, containing a new figure, "estimated value at time of sale." Defendant filed an objection [Doc. 129] to said disclosure on January 4, 2007.

Defendant, in its objection [Doc. 129], notes that the amendment includes valuation testimony and a purported physical inspection of the motor coach at issue which were not a part of previous disclosures. Defendant claims allowing these amendments prejudices the defendant because the defendant would have addressed those issues in its motions to exclude expert testimony [Docs. 113, 115]. Defendant also noted that the amended disclosure was filed on December 29, 2006, and the discovery cut-off was January 1, 2007, giving the defendant scant opportunity to depose the expert on this new information. Therefore, the defendant objected to the new disclosures and moved the Court to exclude any testimony related to the untimely amendment. Plaintiffs did not file a response to Defendant's objection.

This Court heard oral arguments on this issue on January 10, 2007. Defendant's counsel argued consistent with the filed objection [Doc. 129]. Plaintiffs counsel informed the court that no physical inspection had ever actually occurred, so any mention to that effect was merely a "typographical error" in the amended expert disclosure. Thus, the only issue left to be decided was whether the new valuation testimony should be excluded.

The Court, noting the potential prejudicial effect to Defendant, granted Defendant the opportunity to postpone the <u>Daubert</u> hearing, which was also scheduled for January 10, 2007, and depose Plaintiffs' expert regarding the new valuation figure or to proceed to the <u>Daubert</u> hearing and address the new valuation figure at that time. As Defendant cited his preference for the latter

2

option and this Court agrees that the issue could capably be handled at the <u>Daubert</u> hearing with no prejudicial effect to either side, Defendant's Objection to Plaintiffs' Amended Expert Witness Disclosure [Doc. 128] is **DENIED**.

    **IT IS SO ORDERED.**

                                     **ENTER:**

                                       <u>   s/ C. Clifford Shirley, Jr.   </u>
                                        United States Magistrate Judge